UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JODI MADER, | Case No. 2:14-cv-01490-APG-PAL |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, dba GEICO; ROE CORPORATIONS I through X, inclusive, DOES I through X, inclusive, | |
| Defendants. | |

Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO") removed this case to federal court on September 15, 2014. In its Petition for Removal, GEICO states that Plaintiff is seeking recovery of the $15,000 limit on her uninsured motorist insurance policy, plus extra-contractual damages for GEICO's alleged bad faith acts. (Dkt. #1 at 2:12-23.) Plaintiff's Complaint alleges that her medical bills are approximately either $38,000 or $27,000.00, and that she has already recovered some amount from the tortfeasor's insurer, which would be an offset against any contractual damages awarded against GEICO. (Dkt. #1 at 10:9-12 and 10:21-24.) Because GEICO's Petition for Removal did not provide sufficient facts to justify jurisdiction, I ordered GEICO to show cause why this action should not be remanded to the state court. (Dkt. #7.)

In its Brief in response to my Order, GEICO contends that Plaintiff will likely seek the full policy limits of $15,000, plus punitive damages, attorney's fees, costs and interest. GEICO contends that Plaintiff will seek in excess of $10,000 for each of three extra-contractual damages claims, plus punitive damages in excess of $300,000, plus attorneys' fees. (Dkt. #10.)

II.   ANALYSIS

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus, Inc.*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "'although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (emphasis omitted) (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-

00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)).  In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense").

      Here, there is considerable doubt as to GEICO's right to remove this case because it appears highly unlikely that the amount in controversy exceeds this court's jurisdictional threshold.  Plaintiff alleges that her medical bills are approximately either $38,000 or $27,000.00. (Dkt. #1 at 10:9-12 and 10:21-24.)  However, she already has recovered either $15,000 or $30,000 ("the policy limits") from the tortfeasor's insurer. (Dkt. #1 at 10:17-20.)  That amount would have to be considered before GEICO is determined to have breached its contractual duties, and would be an offset against any amount awarded against GEICO.   GEICO offers no evidence that Plaintiff will incur future medical bills; nor has GEICO offered any evidence about lost wages.

      Although Plaintiff has asserted claims for extra-contractual and punitive damages, GEICO offers no evidentiary support other than the fact that Plaintiff's Complaint generically requests such damages.  GEICO contends a large punitive damages award is possible even if the compensatory damage award is small.  However, under GEICO's analysis, I would have to hold that every (or nearly every) insurance bad faith lawsuit seeking extra-contractual or punitive damages satisfies the $75,000 jurisdictional threshold.  That runs contrary to well established law regarding removal.  Based on my judicial, legal and practical experience and common sense, I find that GEICO has not met its burden of establishing by a preponderance of the evidence that

the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal,* 556 U.S. at 679. Consequently, I must remand this action to state court.

### III.   CONCLUSION

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

Dated: October 6, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE